PIZÁ, PLAINTIFF AND APPELLANT, *v.* SUN LIFE INSURANCE
COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an
Action to Recover on a Policy.

No. 3165.—Decided July 9, 1924.

INSURANCE—LIFE INSURANCE—BENEFICIARY—ASSIGNMENT OF POLICY.—The in-
sured has no right to assign a life insurance policy without the consent of
the beneficiary, although the contract does not make that a requisite.

ID.—ID.—COSTS—TEMERITY.—The insurance company was always willing to pay
to the plaintiff the amount of the policy assigned to him on the single condi-
tion that the beneficiary should consent. If the insured elected to discuss
that question in court without having a reason, he should suffer the con-
sequences of his act by paying the costs.

The facts are stated in the opinion.

*Mr. C. Honoré* for the appellant.

*Mr. D. F. Kelly* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff took out an endowment life insurance policy
in the Sun Life Insurance Company of Canada in the year
1916, payable at the end of twenty years to the insured if
he should live that long and, in case of his death before
that time, to his father, Antonio Pizá, therein designated
as beneficiary, if he should survive the insured; otherwise
it should be paid to the legal representatives of the insured.
This suit turns on one of the conditions of that insurance
contract, which reads as follows:

"IV.—Cash value.—After three full years' premiums shall have
been paid, and provided there is no legal restriction to the contrary,
this policy may be surrendered for the cash value specified in the
table of values attached hereto, less any indebtedness to the Com-
pany in respect hereof under the non-forfeiture provision or other-
wise."

In accordance with the privilege allowed by that clause
the insured informed the insurance company that he de-
sired to take advantage of it and the company agreed to

pay the insured the corresponding amount, provided the beneficiary should consent. Being of the opinion that the said clause did not require the consent of the beneficiary, the insured brought an action against the company to recover the corresponding amount on his policy under that condition. The complaint was dismissed and he took this appeal, raising as the first question that the consent of the beneficiary was not a factor of his right to surrender the policy to the company.

The clause of the policy on which the suit is based does not say that the policy could not be surrendered to the insurance company without the consent of the beneficiary, because it was not necessary that it should say so in express terms, inasmuch as the naming of a beneficiary in a life insurance policy vests in him a right in the policy, because it is made in his favor and therefore he has an interest in it of which he can not be deprived without his consent, unless the insured made a reservation in the policy of his right to change the beneficiary, or unless some statute so provides. 25 Cyc. 892; 14 R.C.L. 1387, par. 554, and page 1015, par. 195. As the beneficiary has an interest in the policy, without his consent it can not be surrendered by the insured to the company. 25 Cyc. 785. Our Code of Commerce contains no provision in this connection.

As a consequence of the interest of the beneficiary in a life insurance policy, if the policy is surrendered to the company without his consent, he has a claim against the insurance company, and it was so held in the case of the *Mutual Benefit Life Insurance Company* v. *Willoughby*, Ann. Cases 1913 D, 836, decided by the Supreme Court of Mississippi on April 10, 1911, and reported in 54 Southern Rep. 834. In the cases of *Putnam* v. *New York Life Insurance Company*, 42 La. Ann. 739, 7 Southern Rep. 602; *Lambert* v. *Insurance Company*, 50 La. Ann. 1017, 24 South-

ern Rep. 16, and *Breard* v. *New York Life Insurance Company,* 138 La. 734, 70 Southern Rep. 799 (January 10, 1916), it was held to be the general rule that a policy and the money accruing thereon belongs, from the moment when the policy is issued, to the person therein designated as beneficiary and that the insured has no authority to transfer to another person the interest of the beneficiary by will or other document; that no person other than the one designated in the policy can assign it, and that all persons interested must consent to the assignment; otherwise the interests of those not consenting will not be affected.

Therefore, in order that the plaintiff may surrender his policy to the insurance company in accordance with the conditions quoted, the consent of the beneficiary is necessary, and no such consent having been obtained, he has no right of action against the defendant to compel it to pay the cash value.

The other ground of appeal is that the costs were improperly imposed upon the appellant.

The insurance company was willing at all times to pay the plaintiff the cash value of the policy on its surrender, with the only condition that the beneficiary's consent be obtained, a requirement which it has a right to exact in order to avoid liability toward the beneficiary, as we have seen, and if the insured elected to raise that question in court without good reason, he should suffer the consequences of his act by paying the costs.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.